STATE OF TENNESSEE *ex rel*., etc., *v*. JOHN LEONARD and
E. RICHMOND.

## April Term, 1876.

SCHOOL DIRECTORS — REMOVAL. — A bill cannot be sustained against school
directors to remove them from office, and to have their appointee as school-
teacher removed in favor of the relator, where the acts of the directors
of which the relator complained were done by them as individuals, not
officially, and where the official acts set out in the bill were in strict con-
formity with their duty.

SAME — QUÆRE, WHETHER SUCH A BILL CAN BE FILED BY AN INDIVIDUAL. —
A bill to remove school directors, who are public officers can perhaps
only be filed by the attorney-general as representing the state.

*T. L. Dodd*, for complainant.
*J. T. Brown*, for defendants.

THE CHANCELLOR : — Bill filed in the name of the state, on
the relation of several citizens of the Thirteenth District of
the county of Davidson, against the defendants, as school
directors of that district, to have them removed from office
" for the causes mentioned," and the defendant Leonard
adjudged a usurper, " and the party entitled to the office
adjudged to have the same."

The " causes mentioned " in the bill for the removal of
the defendants, and which apply to both of them, are sub-
stantially these : In August, 1875, Thomas F. Bohan was
elected public teacher of the district by the school directors,
for the scholastic year ending August, 1876. At that time
the directors were three in number, the defendants being
two of them. In October, Bohan was compelled, " in
obedience to his private interests," to absent himself for a
few days, and obtained permission from the directors, or a
majority of them, to do so. He left on October 16th, and
returned on the 25th of that month. Just before Bohan
left, the directors elected one Eichbaum as teacher in his
place ; and on October 18th, when one Charles Morley, a

competent teacher, employed by Bohan to teach during his absence, went to the school-house, he found Eichbaum installed, and, in the picturesque language of the bill, "was thus frustrated, and retired."

After the return of Bohan, he called on the third director, Powers, and they went to the defendant Richmond, and Powers and Richmond directed him to resume his duties, which he did, and had taught one day when the defendants sued out a warrant of arrest against him for "malicious trespassing," and had him arrested while en route to school; and the suit is still pending. There is also an unexecuted warrant in the justice's office, sworn out by defendants against Bohan, charging him with taking illegal possession of said school. Nevertheless, according to the bill, "Bohan is still teaching in said school."

The relators say they are informed that the defendants' refusal to permit Bohan to teach said school "proceeds from spleen and ill-will," and is "without any color of authority or cause." Therefore, says the bill, the said defendants have forfeited their offices.

The defendant Richmond demurs to this bill, because there is no equity on its face; because the facts charged do not constitute any legal ground of removal, and do not affect the public.

The proceedings of the defendants against Bohan by warrant of arrest for malicious trespass, etc., are not alleged to have been done by the defendants in their official capacity as school directors, and could not be. For such acts do not fall within the province of school directors, and these directors can only act as a board when formally convened for the purpose. They cannot, of course, be arraigned as directors for what they do, and can only do, as individuals.

The only act charged in the bill to have been done officially by the defendants was the election of Eichbaum. But by the act of March 15, 1873, ch. 25, sec. 20, subsec.

3, it is expressly made the duty of school directors "to employ teachers, and to dismiss them for incompetency, improper conduct, or inattention to duties." The only act, then, done by these defendants officially, which is brought against them by the bill, is in the strict line of their duty. If Bohan was compelled, "in obedience to his private interests," to absent himself from his position as teacher, the school directors were compelled, in obedience to the requirements of positive law, to employ another teacher in his place. It is no answer to say that Bohan, in the vague and contradictory language of the bill, "obtained permission of the directors, or a majority of them," to absent himself. Neither the majority nor the whole of these directors had any power individually to grant such permission. It could only be given by them when assembled as a board; and the very fact that the directors, as a board, elected another teacher before Bohan left, shows that no permission was given to him by the directors, as a board, to absent himself. For the same reason, the subsequent permission given to Bohan, after his return, by two of the directors, as alleged in the bill, to resume his position as teacher, was clearly no authority. For the averment of the bill is so worded as to leave no doubt that what Bohan construed as a permission was only an informal conversation with two of the directors, not a formal act of the directors assembled as a board. Taking the allegations of the bill to be true, Bohan was clearly a trespasser in undertaking to resume his duties as a teacher. The inferences of the relators, based, they admit, upon information, that the conduct of defendants proceeded from spleen and ill-will, cannot outweigh the plain facts which they themselves disclose, and the sweeping charge that it was "without any color of authority or cause" is an inference not justified by the facts stated, and which the parties themselves are not permitted to draw. To allow a bill upon such frivolous pretexts, every time a board of school directors exercised their duty in the selection or removal of a teacher, would be intolerable. No quiet

and respectable citizen could be induced to assume the responsible office of school director, if he were liable to be so harassed. The remedy for a teacher who conceives himself aggrieved is plain, adequate, and unembarrassed at law.

The demurrer of the defendant Richmond is well taken, and the bill must be dismissed as to him, with costs.

The defendant Leonard has also demurred to that part of the bill which relates to the dismissal of Thomas F. Bohan, and the election of Eichbaum in his place, assigning the same causes of demurrer. This demurrer, for the reasons given, is well taken, and must be sustained, with costs.

The point has not been made, and therefore I do not propose to decide it at this time, but I suggest to the learned counsel for the relators that the bill cannot be sustained in its present shape. Its object is to remove public officers under the Code, sec. 3409. But who is a public officer is a question in which the state is the principal party interested, and the state can only appear by its public functionary, the attorney-general. I have grave doubts whether private individuals have the right to use the name of the state *ad libitum*, through counsel of their own selection, to test the question whether an officer is entitled to his office. I am inclined to think that section 3413 of the Code must be read in connection with section 3412, and that a suit upon information must be brought by the attorney-general for the district or county. The act of 1845–6, ch. 55, from which these provisions were taken, clearly requires the concurrence of the legal representative of the state. The wording of the Code is not so conclusive on the point, but the reason of the rule would equally apply. To leave public officers at the mercy of any number of suits which might be brought on the relation of disaffected parties would be hazardous in the extreme. I call the attention of counsel to the difficulty now, so that they may be prepared to meet it when the cause comes to be heard on the merits. See *The State* v. *White's Creek Turnpike Co.*, *supra*, p. 163.